form 3036 and Wade v. Nitti. We have several participants remotely here, so I'll give you a minute to make sure everyone is on screen. Okay. All right. Mr. Wade, you're ready. I'm sorry, my name is Mr. Wade. I would like to take this moment to acknowledge the Holy Spirit and ask for continued clarity and guidance at this moment. I'm here as pro se, not by choice, but by necessity, as I couldn't find an attorney to help me with this case, and the pro se help line wouldn't help me until I get past the pleading stage. Seven long years ago, I moved into an apartment in Eagles Landing, and what followed was 235 days of gas poisoning from improperly installed gas lines. I have medical records, engineer's gas line deviation notice, witness statements, all in evidence. What I want to present today is non-independent grounds for vacator. I'll start with ground one, which is the fabricated incident report. The district court dismissed this case without addressing my fabricated evidence claim, a constitutional claim covered by this court's own president. On November 22, 2019, an incident report was generated after fire department personnel responded. That report omits my complaint of chest pains, even though a pay lead, the WIC, agreed that day to include it. A pay lead directly claimed that the report came from a 911 call, but in this January 22, 2020 email, District 4-3, page 11, Daryl himself added my chest pains complaints to the report, but at the same time refused to release it to me and the 911 call. Amy Code, a year later in the January 24, 2021 notice, District 4-3, page 13, it proves that no 911 call exists. So Daryl, he fabricated the predicate and used it as an official basis for the report. He's the same actor for the same event, one falsification in an official government document. So the report was mailed to me. It was wrong, a wrong name, redacted. I can't even call a witness. Under Zafri versus Kofu, there's a constitutional right against government fabrication of evidence. Under Jackler versus Byrne, falsifying an official report violates constitutional rights. A similar case that I found is Louima versus the City of New York, where the officers were simultaneously actors and concealment agents. The district court never addressed this claim. This is an abuse of discretion. Now when I get to ground two, we're looking at the default and non-contact for these defendants. They had three separate times where they defaulted. The court gave them a second and final deadline of March 20th, 2023, where Kofu was three days late with no physical service to me, no motion for extension, no excusable neglect, and she went 210 days. Mr. Wade, if I may, if we were to assume that your federal claims fail for whatever reason because they don't reach the level of due process, then the question is whether the state claims which you have made can be made. And they depend on whether there is independent jurisdiction once the district court has said we won't listen to them without the federal claims. So my question is, you have said that you are living in this house where the gas and so on. Are you also claiming and do we have any evidence that you are in fact a citizen of Tennessee? Of course. My domicile affidavits are on the record. I never renounced jurisdiction, defense counsel evidence, even admitted that I'm a Tennessee citizen. Judge Wolfer's own judgment in February 2023 acknowledged my Tennessee citizenship. So everybody's a New York citizen. I'm a Tennessee. I have Tennessee citizenship on the Palazzo versus Supario. Domicile equals presence plus contempt. Both were shown. Nothing was rebutted of this. So of course. Can I continue? Yes, yes. Okay. So ground two, the default, well, let's just say she defaulted and there's no proof of her authorization on record. I've asked prior to the case, during the case, and Osborne versus United States says that basically you need to have authorization to represent your clients. As far as the non-prontonic, the Supreme Court, they in Archdiocese versus San Juan versus Asiviano-Feliciano says that you can't use non-prontonic for an entirely filing. You can't just create a fiction like that. So the use, IGBAL standard was applied for the default after the default. And so Spencer versus Doe, once a defendant defaults, only damages remain. Mr. Wade, I have a question for you, sir. I'm trying to understand, and this is a follow-up question, because the issue before us, one of the issues, is whether there's diversity And the district court asked you and gave you an opportunity to explain whether you were a citizen of the state of Tennessee. And in response, you said that you were indigenous to the land of Tenassee and not the state of Tennessee. And so I'm trying to understand how, what you're basing in the record that you're a resident of the state of Tennessee. So I included many affidavits prior to and even after that dismissal of, you know, where I was born. I was born in Nashville. And please forgive me, I'm a pro se. I thought this was based off of, you know, me, my lineage, in a sense. But there's plenty of affidavits confirming my presence in Tennessee. I was born in Nashville. And that's on the record. Yeah, but the problem is that while for citizenship of certain things, where you are born may well be definitive, for purposes of diversity of citizenship, it isn't where you were born or where your parents or so on. It's a quite specific thing about whether you are now a resident there or in New York. And that's our problem. Because you see, if we don't have jurisdiction because of that, then we can't hear your claims. No matter how strong they are, we can't hear them. And the district court found that there was nothing in the record that sufficed to give us diversity jurisdiction. So that's our problem. Based on the case law, I've never renounced citizenship of Tennessee. I'm not a citizen of New York. So based on the case law, Palazzo versus Cardio, my understanding, it basically is based on where you are. When I filed the case, I was in Tennessee. I actually filed the first case by accident in the district court out of Tennessee. I don't know. Does that answer your question? Well, it's an answer. I'll have to think about it. Yeah, I'm clearly, I was in New York for a temporary. I'm not a resident of New York. The only time I've been in New York was during that time when I lived there. But I'm a Nashvillian. I'm from Tennessee. When I made that mistake, and it was a mistake, I read the Tennessee code and got mixed up because I saw District of Columbia in there or whatever. And I was like, you know, working with what I got. That's all I know. So based on the case law I found, it's where I filed it, out of Tennessee, and my intent is to remain in Tennessee. So I can't see the time. You have about a minute remaining if you'd like to use it. Oh, goodness. Okay. Well, I do want to say that she dismissed it based on that, but I am a Tennessean, and that she used the wrong pleading standard because my Second Amendment complaint has nine New York State claims. And that pleading standard under Iqbal Twombly, it should have been, it's a legal error. It should have been based off of CPLR 3013. And as far as, wow, I mean, I really kind of ran out of time here. I'll just close with essentially what I'm looking for is for one, to enter default against the Paley's, DeWitt, Durland, Turner, Schaefer, and or Wachowski. Two, declare a judgment that I complained of chest pains to a Paley DeWitt on November 22, 2019. Three, find diversity, jurisdiction, and hope, denial of leave to a man with abusive discretion. Four, vacate the dismissal and remand for service of the Second Amendment complaint. And five, reassignment to a different district court under 28 U.S.C. Section 2106 in the interest of justice. Thank you. Thank you, Mr. Witt. Thank you for your time. Next, we'll hear from Mr. Dababnathini. Yes, thank you. Your Honors. Good morning. May it please the Court. My name is Sanjeev Dababnathini of Barclay-Damon on behalf of what are referred to as the town defendants at the Paley's. Judges, I'll be brief. Our position is that the district court properly denied the plaintiff's motion for reconsideration, in part because of the reasons that the judges pointed out just a few moments ago. That nowhere in the record, and certainly not in the proposed Second Amendment complaint, is diversity of jurisdiction, you know, alleged sufficiently. Even setting that aside, judges, our position is that there is no meritorious cause of action stated as well, even if plaintiff were to survive the jurisdiction standard. Did the district court get into the state claims, or did it just dismiss those on the basis of jurisdiction? I'm not talking about the federal ones. Understood, Judge. I believe the district court did not get into the merits or the substance of the state law claims. Good. And with that, Judge, the last point I'd make is, as you noted, as to the federal claims, I believe the court properly ruled on the prior motions to dismiss that were made, that the elements of those claims were not pleaded sufficiently, and that those claims were properly dismissed. With that, I will rely on our brief as to the remainder of the arguments, unless the court has any questions. Thank you. Thank you, counsel. Ms. Koch? Yes, Your Honors. Good morning. May it please the court, I am Amy Koch. I do represent what I'll call the firefighting defendants in this matter. We feel strongly that this court should affirm the decision of the district court denying reconsideration. This is not an appeal of the underlying motion to dismiss. It is an appeal from a denial of reconsideration under Rule 60. There's been no submission of any kind of intervening change in law or anything, really, to afford this appellant the opportunity to have reconsideration of the dismissal, which he failed to appeal. What plaintiff has offered to the court in the past has been very kind of cagey, vague representations about where he lived. We know that he was living in New York at the time of these actions, at the time he served his notice of claim on the state causes of action. As he said already in his oral argument this morning, he spent seven years living in an apartment where he says he had a gas leak. During that time, the court did ask and reached out affirmatively to have him submit to the court some statement as to his residency. Instead of saying that he was a resident of the state of Tennessee and was then living in Tennessee or was living in Tennessee at the time that the action was commenced, he made the statement that he was an indigenous person of the land of Renasi rather than give the district court a clear statement as to his residency. In that respect, this appellant has failed to meet their burden. The diversity in jurisdiction was something that he had. He had the opportunity both in the complaint, the amended complaint, in the motion to dismiss, and finally in his motion for reconsideration, although it wouldn't have been new information to suggest that he was a resident. My question is whether even if he has not so far, it would be appropriate to a pro se to give another opportunity to make out the diversity claim. Your Honor, this appellant, pro se or not, has been given a multitude of opportunities to make his claim. This is not the first action that we've defended for the firefighters in this matter. He brought initially a suit against the fire company itself. In that failing, he brought this suit against them individually. When given the opportunity to appeal the dismissal, he didn't take it. Instead, he asked for reconsideration. The fact that it is a reconsideration rather than an appeal of a motion to dismiss, I think, is meaningful here because the court is going to be reviewed upon what they knew at the time. And what they knew at the time was that we had a gentleman who was refusing to provide a statement as to his residence. Now, counsel, in the first action that was dismissed that you just referenced, I noticed there was a footnote where the court said, alternatively, plaintiff does not appear to be asserting diversity jurisdiction as grounds to pursue his claims in this court. And that was footnote three of that decision. So even in the earlier action, this pro se was advised about whether he's claiming diversity jurisdiction. Is that correct? Yes, Your Honor. Yes. He was expressly advised that he had not made that claim and had not articulated it. And you'll see in the orders, which are part of the record on appeal, that he was, again, given the opportunity. Here do you live? And instead of saying he was a citizen of the state of Tennessee, he gave this rather vague, opaque statement that he was indigenous to the land of Renasse, rather than saying that he was not living in the state of New York, that he was residing in Tennessee. And we've already heard from him this morning that he spent seven years in New York. And that is the basis for his cause of action is that he was exposed to gas leaks over that term of residency. So he was afforded a multitude of opportunities. A reconsideration under Rule 60 shouldn't be an opportunity to rehash any of the merits of the case. It's a very limited in scope review of what was provided to the court at the time the initial argument for the motion to dismiss was made. And to get to the merits of the underlying action, there simply is no 1983 claim articulated. He wasn't deprived of any federal rights. His claim is stemming from an incident report that was completed by fire officers who made a request for it under FOIL. When he saw it, he thinks that there are certain inaccuracies about it, but he doesn't have any private right of action to have that modified amendment changed in any way. So I'm at a loss as to the basis for any proper viable 1983 claim. Moving then to the New York state claims, he's clearly outside the statute of limitations for his New York state claims. These are claims that should have been brought under the genuine municipal law. He would have had a year and 90 days. He did not meet that timeline. And he pleads causes of action for violations of criminal law. There simply aren't any viable private rights of recovery for claims of violation of criminal law. When we take that all in its context, there simply is no merit, even if we were to afford this gentleman the opportunity to go back to his original complaint or his amended complaint or the action he brought before that or any appeal of that dismissal. So I would urge this court to affirm the underlying decision of the district court. Thank you, counsel. Mr. Crixo. Good morning, Your Honor. It's Nicholas Ritzko on behalf of the Trotter defendants. I'm not going to spend too much of my time rehashing what my colleagues have already said because it's pretty much the same arguments, but I believe the district court has provided this appellant plenty of opportunity to correct his pleadings, and the district court's order should be undisturbed. The district court did not abuse her discretion. Mr. Wade was given the opportunity to correct the issue with diversity jurisdiction, and he chose not to. The only difference with my defendants, they are private citizens, and even with the underlying complaint, with the First Amendment complaint, he made no allegations against the Trotter defendants. He grouped all of the defendants together. He made no specific allegations as against the Trotter defendants. He made no allegations that the Trotter defendants or even state actors were acting under state law. So even if we went back to that original complaint, it was properly dismissed by the district court. So the district court here gave, like I said, gave this appellant here ample opportunity to correct his pleadings, and he never did anything to correct the pleadings, to properly allege diversity here, and she was well within her right to not abuse her discretion in dismissing. And even on this appeal, he hasn't met the standard as to why that motion for reconsideration should have been granted. So I would ask this court to affirm the district court here, unless there's any questions. I'll rest on my briefs. Thank you. Thank you, counsel. Ms. Agnew. Good morning, Your Honors. May it please the Court. Audrey Agnew on behalf of the Hudson Act defendants. I echo what has been said before. I would just like to highlight a couple of things. First of all, appellant's position that he's pro se, he didn't understand this process. If you look at the docket for the district court, if you look at the docket for this court, he has filed dozens and dozens of documents. He has understood how to get a filing on the record. He has understood the timelines for the record. He received a direct order from this court, as Your Honors mentioned, telling him to explain how to define his alleged status as a national of the state of Tennessee and explain how, if at all, this differs from being a citizen of the state of Tennessee. It was very clear. I am very confused by appellant's position that he didn't understand how to correctly and definitively establish that he is a citizen of Tennessee by simply stating as such. He chose not to. He specifically said he's a resident or indigenous to the land of Tenassee, not the state of Tennessee. He never established that jurisdiction despite having multiple opportunities to do so. And as one of my colleagues pointed out, this was not his first or second or third opportunity. I think if we give him another opportunity, you'll continue to see his disregard for the law and for procedure in this court. Another point I would like to add is that we're here for the motion for reconsideration as opposed to the substantive matters that appellant was brought forth in his argument. And ultimately, we're here regarding whether or not the court abused his discretion pursuant to FRCP 60B. He has not referred to any mistake, any excluded or overlooked evidence. Based on the record, the record that was before the district court that was considered by the district court, there is no basis for reconsideration of that motion for reconsideration. He did not appeal the dismissal of the First Amendment complaint. But even if we get to that, his allegations against the Hudson Ave. defendants have no basis. He alleges federal claims against my clients acting under the state of law. They're private citizens. They weren't acting under the state of law. The state claims against my client also have no basis as a lot of them were criminal statutes that a private citizen cannot assert against another private citizen. So the First Amendment complaint fails in that regard. Admittedly, the court did not get to the Second Amendment complaint, but we maintain as argued in our papers that substantively the motion to file that Second Amendment complaint should fail as well as substantively he fails to state a cause of action. I won't repeat any arguments unless the court has any questions for me. The rest of my papers. Thank you. Thank you, counsel. Thank you all. We will take the case under advisement.